IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.   Case No. 3:25-cr-00154-1

JOSHUA WILLIE MCCARVER

**DEFENDANT'S OPPOSITION TO
UNITED STATES' MOTION TO REVOKE RELEASE ORDER**

*Background*

This matter is before the Court on a September 9, 2025 indictment, charging defendant with six drug trafficking offenses within the Southern District of West Virginia – three of which carry 5 to 40 year terms of imprisonment if convicted, and two of which carry 10 years to life sentences. *See* ECF 1. Defendant was arrested in Detroit, Michigan on September 10, 2025. *See* EDMI Dkt. No. 25-mj-30568, ECF 1.

Defendant's detention hearing was conducted before U.S. Magistrate Judge Anthony Patti on September 11, 2025 in Detroit. While there is no motion for detention hearing or motion to detain McCarver on the public record before either Court, during the detention hearing conducted September 11, 2025, the United States argued that detention was appropriate given the seriousness of the charged offenses, the fact drug trafficking is a danger to the community, that the defendant was a "remarkably dangerous defendant" [01:06 PM/ 04:36], defendant's history of non-appearance in several prior misdemeanor cases, and his having his supervised release revoked on a prior West Virginia federal case on which he was sentenced to

Page **1** of **8**

10 months imprisonment. [01:08 PM/ 07:02]. The government further argued that in addition to large amounts of drugs found in other residences (as in other than defendant's home or proposed release residence), cash seized from two traffic stops in Ohio, and the recovery of guns, that several firearms had been found in a former residence occupied by defendant that was subsequently being lived in by his nephew – also charged as a co-defendant in this case.

Noting all of the government's stated grounds, Judge Patti nevertheless found that there were conditions that could be imposed to ensure McCarver's appearance for proceedings in this district, while still protecting the community. This was consistent with the pretrial services report, which recommended release with conditions despite all the factors presented by the United States. Specifically, after questioning the viability of McCarver's effectively pursuing any meaningful employment, Judge Patti noted his strong ties to Detroit, Michigan (particularly his having two children there), and placed defendant on home incarceration. This was the order the United States orally moved to stay so it could further appeal and seek revocation of the resulting release order.

The United States has filed a motion to revoke the EDMI U.S. Magistrate Judge's release order – essentially citing the magnitude of the alleged conspiracy, the amount of drugs and cash involved, the strength of the government's evidence against Mr. McCarver, and his history of non-appearance on certain Michigan misdemeanor charges. The exhibits submitted under seal are consistent with these assertions.

> ***Despite the seriousness of the charged offense conduct, the purported strength of the government's evidence, and defendant's criminal history – as evidenced by both the pretrial service office's recommendations and the U.S. Magistrate Judge's findings, conditions plainly do exist which will ensure defendant's appearance and protect the community.***

Defendant, through his undersigned counsel, maintains that myriad conditions plainly do exist that would ensure his appearance for proceedings in this case – such that the U.S. Magistrate's release order should not be revoked.

The problem with the government's assertions is that they first arguably overstate the magnitude of circumstances and conduct with which the ten defendant conspiracy has been charged. While yes, as little as four years ago a purported 10 pound meth case would seem quite extraordinary anywhere in the country – obviously today they are not, nationally or within the Southern District of West Virginia. Cases involving as much as 200 pounds, 22 pounds, and pound amounts in between have unfortunately been filed and resolved in this District over the past two years, with different case participants being released on bond. And whether the case involved a half ounce or 100 pounds- all are serious felony violations of the Controlled Substances Act. The main point being – at this stage of the case the question is not whether Joshua McCarver is guilty or innocent of various serious drug offenses, but whether he should be released on bond until that determination is actually made.

While the government's motion details perhaps more specifics of the case, the primary assertions are that the charges are so serious and involved and the government's evidence is so strong, that the U.S. Magistrate who decided the case was wrong. Those assertions ignore is that McCarver remains a citizen who has not

been convicted of any charged offense yet, and that the default policy of the Bail Reform Act is still pretrial release. More importantly, the government's assertions ignore the recommendations of the pretrial services office and the judge initially hearing defendant's case (which both reached despite all the bad information made available to those entities) - that conditions existed which would ensure defendant's appearance for trial here in the Southern District of West Virginia, along with the safety of community.

The easy observation with respect to Mr. McCarver is that by being put on a tether and committed to home incarceration in Detroit, the safety to any community within the Southern District of West Virginia is more than adequately assured. His physical absence from our jurisdiction, while under home incarceration subject to the other imposed conditions, keeps the community of this District as safe as is reasonably possible to achieve. Also – as a practical matter – his home incarceration in Detroit, Michigan further physically separates him from his charged co-defendants in West Virginia. Otherwise, third parties already previously made commitments for transporting defendant to West Virginia for court proceedings in his case, such that irrespective of any history of past failures to appear on different misdemeanor charges in Michigan – combined with his home incarceration out-of-state best ensures his future appearances in the district. Nothing in the government's subsequent submissions impugn the conclusions reached by Judge Patti, even after he was made aware of all the bad information presented to support detaining McCarver.

The default policy of the Bail Reform Act is pretrial release. 18 U.S.C. § 3142(b) provides that a defendant *must be* released on personal recognizance or unsecured personal bond *unless* the judicial officer determines that "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *See* S.Rep. No. 225, 98th Cong., 2d Sess. 20, *reprinted in* 1984 U.S. Code & Admin. News 3182, 3203; *see also United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, 2101 (1987). A finding that no combination of conditions will reasonably ensure defendant's appearance as required must be supported by a preponderance of the evidence. A finding that no combination of conditions will reasonably ensure the safety of any other person or the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f).

The legislative history of the Bail Reform Act makes clear that to minimize the possibility of a constitutional challenge, the drafters aimed toward a narrowly-drafted statute with the pretrial detention provision addressed to the danger from "a small but identifiable group of particularly dangerous defendants." S. Rep. No. 225, *supra*, at 3189. Nothing about Mr. McCarver or the circumstances of his present charges establish that he is a "particularly dangerous" defendant. He may very well end up being proven as being an important part of several serious drug trafficking offenses, but not a particularly dangerous defendant.

Pretrial detention is still an exceptional step. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)(citing *United States v. Salerno*, 481 U.S. 739, 749 (1987)); *accord, United States v. Townsend*, 897 f.2d 989, 994 (9th Cir. 1990)("only in rare

cases should release be denied."). Before imposing pretrial detention, the judicial officer must consider all reasonable, less-restrictive alternatives to detention.18 U.S.C. § 3142(e). *See United States v. Infelise*, 934 F.2d 103, 105 (7th Cir. 1991). "Reasonably assure" under the Bail Reform Act does not mean "guarantee." *United States v. Orta*, 760 F.2d 887, 891-92 (8th Cir. 1985)(en banc). Judge Patti already considered and settled upon less-restrictive alternatives to detention, and the conditions imposed should be afforded an opportunity to work.

Section 3142(g) sets forth the now familiar factors the judicial officer must consider in determining whether to detain a defendant:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) The weight of the evidence against the person;

(3) The nature and circumstances of the person including –

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

and

(4) The nature and seriousness of the danger to any persons or the community that would be posed by the person's release.

The Ninth Circuit has held that, of the four factors, the weight of the evidence against the defendant is the least important. *United States v. Gebro*, 948 F.2d 1118,

1121 (9th Cir. 1991); *accord United States v. Akamnonu*, 2012 WL 1466557, at *2 (N.D.Tex. 2012)(citing cases).

Most of the factors set out in existing subsection (g) were drawn from the Bail Reform Act of 1966, which included such matters as the nature and circumstances of the offense charged, the weight of the evidence against the accused, and the history and characteristics of the accused, including his character, physical and mental condition, family ties, employment, length of residence in the community, community ties, criminal history and record concerning appearance at court proceedings. Congress expanded that list in 1984, to further include a *general* consideration of the nature and seriousness of the danger posed by the accused's release, whether the offense charged is a crime of violence or involves a narcotic drug, whether the defendant has a history of drug or alcohol abuse, and whether the accused was on pretrial release, probation, parole, or another form of conditional release at the time of "the instant offense." Sen. Rep. No. 225, at p. 3206. Defendant maintains under the statutory factors as applied to him and his case, that conditions still exist which would ensure his appearance for future proceedings in his case, while protecting the community.

*Conclusion*

For the above-stated reasons, Mr. McCarver asks that the United States' motion to revoke his release order be denied, that the order of stay for that decision be lifted, and that defendant be immediately released subject to the conditions imposed by Judge Patti's order.

Date: September 16, 2025.    Respectfully submitted,

**JOSHUA   WILLIE MCCARVER**

By Counsel

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/ Lex A. Coleman**
Lex A. Coleman, WV Bar No. 10484
Senior Litigator
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia  25301
Telephone: (304) 347-3350
Facsimile:   (304) 347-3356
E-mail: lex_coleman@fd.org